UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONALD COX, a single man,<br><br>    Plaintiff,<br><br>    -vs-<br><br>BIG BEND ELECTRIC COOPERATIVE, INC., a Washington corporation; and DOES I through XV,<br><br>    Defendant. | NO.  CV-08-5018-LRS<br><br>ORDER GRANTING DEFENDANTS' SUMMARY JUDGMENT MOTION |

A telephonic hearing for Defendant's Motion for Summary Judgment, Ct. Rec. 12, was held in the above-entitled matter on May 14, 2009. John O'Leary participated on behalf of Plaintiff; Scott Cifrese participated on behalf of Defendant. The Court has considered the oral and written argument of counsel, and enters this Order to supplement the tentative oral rulings of the Court.

**I. BRIEF UNDISPUTED FACTUAL BACKGROUND**

Mountain Power Construction Company ("Mountain Power"), pursuant to a Dock Agreement between it and Defendant Big Bend Electric Cooperative, Inc. ("Big Bend"), acted as an Independent Contractor in the replacement of various infrastructures within Big Bend's distribution system.

ORDER - 1

Plaintiff Ron Cox, an employee of the independent contractor Mountain Power, had at least 13 years of experience as a lineman, but had never replaced a short-set power pole prior to his injury. On April 28, 2005, Plaintiff Cox was injured when the Mountain Power crew, which he was part of, was tasked with finishing replacement of a pole that had gone down during a windstorm about five days earlier near Mesa, Washington. After the storm, and before Mountain Power replaced the pole, the Big Bend crew went to the site, dug a new hole 2-3 feet deep next to the rotten stump of the broken pole, and stuck what was left of the pole in the ground. The cross arm on top of the pole apparently was also defective.

Defendant Big Bend had left the line energized. The Mountain Power crew knew that the line was energized when they began their work on the pole. While repairing the pole, Plaintiff Cox was hit by an energized wire which separated from the cross arm thereby injuring plaintiff. It is acknowledged that the Mountain Power crew could have de-energized the line prior to repair.

**II.    SUMMARY JUDGMENT STANDARD**

A Court will grant summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). The party seeking summary judgment must show that no genuine issue of material fact exists and that the Court should grant judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A material issue of fact

ORDER - 2

is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982). The Court must construe all facts and all justifiable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255.

The party opposing summary judgment must go beyond the pleadings to designate specific facts establishing a genuine issue for trial. *Celotex*, 477 U.S. at 324; *Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978). The non-moving party may use affidavits, depositions, answers to interrogatories, and admissions to do this. *Celotex*, 477 U.S. at 323-24. The Court must enter summary judgment against a party who fails to make a showing sufficient to establish an essential element of a claim, even if genuine factual disputes exist regarding other elements of the claim. *Id*. At 322-23. No issue for trial exists unless sufficient evidence favors the non-moving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249. Thus, a scintilla of evidence in support of the non-moving party's position will not suffice. *Id.* at 252.

At the summary judgment stage the Court's function is not to weigh the evidence or judge credibility. *Id*. at 249. Essentially the inquiry is "whether the evidence presents a sufficient disagreement to require submission to [a fact finder] or whether it is so one sided that one party must prevail as a matter of law." *Id.* at 252.

**III. DISCUSSION**

ORDER - 3

The sole issue in this case is whether the "retained control" exception to the independent contractor doctrine applies in this case.

**A. Defendant's Argument**

1. *Retained Control Exception*

Defendant argues that it is not liable for the injuries sustained by the employees of an independent contractor. Defendant argues that Big Bend's contract and actions do not fall within the retained control exception to the independent contractor doctrine. The actual method and sequencing of the work was wholly determined by Mountain Power and Plaintiff Cox.

Although in the Dock Agreement Defendant Big Bend reserved certain rights, i.e., control the progress of the work, control the timing of the work, right to inspect and receive reports, right to order work stopped or resumed, and provision of materials, these reservations do not equate to "retained control." Defendant relies on the *Kamla v. Space Needle Corp.*, 147 Wn.2d 114(2002) case in support of its argument that the rights reserved by Big Bend do not equate "retained control."

2. *Duty to Invitees*

Defendant argues that Washington case law is clear that a landowner, such as Defendant Big Bend, does not owe a duty to invitees (Mountain Power) from dangers which are open and obvious. Defendant states that the Mountain Power crew knew that pole had gone down in a windstorm, that the line was left energized, and the sole reason Mountain Power/Plaintiff Cox was there was to replace a broken electrical distribution line

ORDER - 4

utility pole. Plaintiff Cox was a 17-year veteran working with electrical utility lines. Mountain Power was well aware of the dangers posed by the work its crew was undertaking.

Defendant further argues that the case law in Washington makes clear that working on power lines is not considered necessarily inherently dangerous to experienced lineman. The Supreme Court of Washington annunciated this notion in *Tauscher v. Puget Sound Power & Light*, 96 Wn.2d 274, 280 (1981).

**B.    Plaintiff's Argument**

Plaintiff urges the court to apply the "retained control" exception to the independent contractor doctrine, arguing that Defendant Big Bend retained control over the project. Plaintiff Cox argues various provisions of the Dock Agreement support his argument that Big Bend retained control.

Plaintiff Cox alternatively argues that Mountain Power was an invitee on Defendant Big Bend property. Big Bend was negligent due to the condition of its premises. As an owner, Big Bend is liable for the injuries sustained by the independent contractor/invitee Mountain Power.

Plaintiff Cox's final theory is that Defendant Big Bend cannot escape liability because its negligence that resulted in injury to Cox, was while Mountain Power was engaged in "inherently dangerous" activity. Plaintiff Cox argues that Big Bend was negligent in leaving the line energized and leaving a rotten side arm on the pole. Because this activity was inherently dangerous, Defendant Big Bend should be held to

ORDER - 5

a higher standard of care to prevent what occurred to Plaintiff Cox.

**C.   Analysis**

The Court finds that the independent contractor doctrine applies because Defendant Big Bend did not retain sufficient control over this project to the extent required for the retained control exception to apply.  *See Kamla v. Space Needle Corp*., 147 Wn.2d 114(2002).  Mountain Power was hired to handle the downed utility pole, knew the line was energized, and could have de-energized the line at its option.  Mountain Power decided the manner and means of repairing the line, did not seek direction from Big Bend, and was not controlled or supervised by Big Bend on the day of the accident or in preparation for its work on the repair. The contract between Big Bend and Mountain Power is more akin to the factual pattern in *Kamla* then to an arrangement suggesting liability on the part of Big Bend.  None of the provisions in the Dock Agreement legally change this result.
Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment, **Ct. Rec. 12**, filed on March 4, 2009, is **GRANTED.**

The District Court Executive is directed to enter judgment accordingly, forward copies of the judgment and this order to counsel, and close this file

**DATED** this 26th day of May, 2009.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 6